UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THOMAS DOHERTY,

                Plaintiff,                MEMORANDUM AND ORDER

  -against-                               CV 14-3739 (LDW)(SIL)

FISHERS ISLAND FERRY DISTRICT, *et al.*,

                Defendants.
-----------------------------------------------------------X
WEXLER, District Judge

Plaintiff Thomas Doherty ("Doherty") brings this action against defendants Fishers Island Ferry District ("District"), the Town of Southold ("Town"), and three current or former members of the District's Board of Commissioners ("Board")—Robert R. Brooks ("Brooks"), Christopher I. Edwards ("Edwards") and Christopher L. Rafferty ("Rafferty") (collectively, the "individual defendants"), asserting federal claims for violation of due process and age discrimination under the Fourteenth Amendment and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, and supplemental state law claim against the individual defendants for aiding and abetting age discrimination under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296(6) (the "third claim"). Defendants move to dismiss the third claim under Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Plaintiff opposes the motion.

I. BACKGROUND

For purposes of this decision, the complaint can be summarized as follows. On March 4, 2002, the District and Town hired Doherty as manager of the District. Compl. ¶ 14. On September 6, 2011, Doherty told the Board that he intended to retire on March 4, 2012. *Id.* ¶ 21. The individual defendants were Board commissioners at that time. *Id.* ¶¶ 11-13. Doherty selected March 4, the date of his 10-year anniversary, thereby entitling him to certain retirement benefits. *Id.* ¶ 22. On October 7, 2011, the Board convened a "special meeting" to discuss Doherty. *Id.* ¶¶ 28, 29. The Board, including the individual defendants, voted to terminate Doherty and immediately passed a resolution to that effect. *Id.* ¶¶ 30, 31. On October 11, 2011, the Town approved the resolution, and Doherty was terminated. *Id.* ¶ 33. Consequently, Doherty was denied certain benefits. *Id.* ¶ 34.

On June 13, 2014, Doherty commenced this action. As noted, Doherty's third claim is against the individual defendants for aiding and abetting age discrimination under NYSHRL. Doherty did not assert a NYSHRL claim against the District or Town, as he admittedly did not serve notice of claim. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Partial Motion to Dismiss ("Pl's. Mem."), at 6.[1]

---

[1] Doherty notes that the individual defendants do not argue for dismissal of the NYSHRL claim as against them based on his failure to serve a notice of claim. *See* Pl.'s Mem. at 6 n.3. Defendants did not address this point in their reply papers, but upon the Court's inquiry, defendants expressly acknowledge that no such issue is being raised.

## II. DISCUSSION

### A. Motion to Dismiss Standard

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court held that to avoid dismissal a plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009). While heightened factual pleading is not required, *Twombly* holds that a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. On a motion to dismiss, the court must, as always, assume that all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Plair v. City of New York*, 789 F. Supp. 2d 459, 463 (S.D.N.Y. 2011). However, the court must ensure that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 57 (2d Cir. 2010). A pleading that does nothing more than recite the elements of a claim, supported by mere conclusory statements, is insufficient to "unlock the doors of discovery." *Iqbal,* 556 U.S. at 678. Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

### B. Sufficiency of Third Claim

Section 296(1) of the NYSHRL makes it is unlawful for an employer to discriminate on the basis of, *inter alia*, age. *See* N.Y. Exec. Law § 296(1). Section 296(6) provides that it is "an unlawful discriminatory practice for any person to aid, abet,

incite, compel or coerce the doing of any of the acts forbidden under this article." *See id.* § 296(6). While there is no claim for individual liability under Title VII, *see Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir.1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), the individual defendants may be held liable in their individual capacities under the NYSHRL, *see Feingold v. New York*, 366 F.3d 138, 157 (2d Cir. 2004); *Ramirez v. Hempstead Union Free Sch. Dist. Bd. of Educ.*, 33 F. Supp. 3d 158, 169 (E.D.N.Y. 2014). As the Second Circuit recognized in *Feingold*, a supervisor is an "employer" and liable under the NYSHRL "if that supervisor 'actually participates in the conduct giving rise to [the] discrimination.'" *Feingold*, 366 F.3d at 157 (quoting *Tomka*, 66 F.3d at 1317). Moreover, an individual who "actually participates" in the discriminatory conduct may be liable as an aider and abettor. *Id.* at 158; *Tomka*, 66 F.3d at 1317.

Defendants argue that because Doherty does not assert a NYSHRL claim against the District—and cannot now because of the procedural bar for failure to file a notice of claim—his third claim fails as a matter of law. According to defendant, for Doherty to pursue a claim against the individual defendants under an aiding and abetting theory, he must first establish a primary violation against the District—something he cannot do here because of the procedural bar. In response, Doherty argues that his third claim may proceed under an aiding and abetting theory against the individual defendants

notwithstanding any procedural bar. Moreover, Doherty argues that his complaint should be read to assert a claim against the individual defendants as "supervisors/employers," as recognized in *Feingold*, 366 F.3d at 157.

Upon consideration, the Court concludes that Doherty may pursue the third claim against the individual defendants. First, the procedural bar against the District does not preclude Doherty from pursuing an aiding and abetting theory against the individual defendants, for the reasons recently stated by Judge Bianco in similar circumstances:

> The remaining question . . . is whether an action against an employee under Section 296(6) may continue when a plaintiff is procedurally barred from seeking a claim under the NYSHRL against the employer. The Court concludes that the answer is yes. In fact, this Court previously held in *Humphrey v. County of Nassau*—a case closely resembling this one—that NYSHRL claims against multiple individual defendants in their individual capacities could continue under *Tomka*, despite the dismissal of the NYSHRL claims against the County employer and the individuals in their official capacities for the plaintiff's failure to serve a timely notice of claim. *Humphrey v. County of Nassau*, No. 06–cv–3682 (JFB)(AKT), 2009 WL 875534, at *21-22 (E.D.N.Y. March 30, 2009). . . . Simply put, a procedural bar to seeking liability against an employer does not prevent claims against an employee in his individual capacity.
>
> In reaching this decision, the Court emphasizes that the absence of the employer as a party to the suit does not relieve plaintiff of its obligation, as part of its Section 296(6) claim against the individual employee, of first proving the liability of the employer. *See, e.g.*, *Pellegrini v. Sovereign Hotels, Inc.*, 740 F. Supp. 2d 344, 356 (N.D.N.Y. 2010) ("Importantly, since it is the employer's participation in the discriminatory practice which serves as the predicate for the imposition of liability on others for aiding and abetting, a

> plaintiff cannot prevail against an individual on her state claims unless she can first establish the liability of her employer.") (internal citations omitted). Instead, this Court simply holds that a plaintiff can still prove involvement by the employer even if the employer is procedurally dismissed from the case (or is not brought as a defendant at all). Thus, defendant's reliance on *Jain v. McGraw Hill Cos., Inc.*, 827 F. Supp. 2d 272, 277 (S.D.N.Y.2011), *aff'd*, 506 F. App'x 47 (2d Cir. 2012) ( "[T]he NYSHRL and NYCHRL require that liability must first be established as to the employer/principal before accessorial liability can be found as to an alleged aider and abettor."), is misplaced. This Court's holding is consistent with *Jain* because plaintiff, in the instant case, must still first establish, or prove, the County's liability for condoning DaSilva's discrimination before DaSilva can be held liable as an aider and abettor. However, nothing in *Jain* suggests that the County must be a defendant for plaintiff to prove the County's liability as a predicate to DaSilva's aiding and abetting liability.
>
> . . . .
>
> . . . That a judgment under the NYSHRL cannot be obtained against the County itself because of plaintiff's failure to file a notice of claim does not preclude plaintiff from attempting to prove that the County encouraged, condoned, or approved DaSilva's alleged discriminatory conduct and that DaSilva aided and abetted that violation through his own conduct under Section 296(6).

*Johnson v. County of Nassau*, No. 10-cv-6061 (JFB)(GRB), 2015 WL 393871, at *3 (E.D.N.Y. Jan. 30, 2015) (footnote omitted). Second, as Doherty suggests, the complaint can be read to assert a NYSHRL claim against the individual defendants as "supervisors/employers" for actually participating in the alleged discriminatory conduct, *see Feingold*, 366 F.3d at 157. Accordingly, the Court deems the third claim to assert

liability against the individual defendant on both of these bases. Consequently, the Court denies defendants' motion to dismiss the third claim.

### III. CONCLUSION

For the above reasons, defendants' motion to dismiss the third claim is denied.

SO ORDERED.

                                                  _____/s/_____
                                                  LEONARD D. WEXLER
                                                  UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        March 20, 2015